# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:03-CR-0250** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **MICHAEL D. FORBES** | : | |

## MEMORANDUM

Presently before the court is defendant's motion (Doc. 1238) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Defendant claims his sentence is improper because he was denied effective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution. (Doc. 1242 at 2.) Specifically, defendant contends that his counsel was ineffective both at trial and on appeal when he: (1) failed to request a special jury instruction regarding each of the drugs defendant was charged in the indictment with distributing, (id. at 2); (2) failed to object to a jury instruction that omitted reference to drug quantity, (id. at 8); and (3) failed to object to the court's omission of a charge to the jury regarding accomplice liability, (id. at 10). For the reasons that follow, defendant's motion (Doc. 1238) will be denied.

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

I.      **Statement of Facts & Procedural History**

On September 17, 2003 defendant was indicted on one count of manufacturing and distributing a controlled substance, see 21 U.S.C. § 841(a)(1), and twelve counts of drug conspiracy, see 21 U.S.C. § 846. (Doc. 1.) Defendant proceeded to a jury trial on July 12, 2004. Three days later, the jury returned a verdict finding defendant guilty of the following: (1) one count of distribution and possession with intent to distribute five grams or more of crack cocaine; (2) four counts of use of a communication facility to facilitate a felony drug trafficking crime; (3) six counts of using, carrying, and discharging a firearm during and in relation to a drug trafficking crime; and (4) seven counts of conspiracy to distribute and possess with intent to distribute 500 grams or more of crack cocaine. (Doc. 936 at 1.) On October 29, 2004 defendant was sentenced to consecutive terms of incarceration totaling 600 months. (Id. at 2.)

Defendant filed a notice of appeal with the Third Circuit Court of Appeals on November 2, 2004 challenging his initial sentence. (Doc. 937.) The Third Circuit affirmed the judgment of conviction, but remanded the case for resentencing on January 27, 2006 pursuant to the Supreme Court's decision in United States v. Booker. (Doc. 1073); see United States v. Booker, 543 U.S. 254 (2005). On April 19, 2006 defendant was resentenced to 600 months—a term of incarceration that was subsequently affirmed on direct appeal on December 19, 2007. (See Doc. 1095 at 2; Doc. 1171.) On March 16, 2009 defendant filed the instant motion (Doc. 1238) to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion has been fully briefed and is ripe for disposition.

## II. Discussion

Defendant alleges he was denied effective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution.[2] A claim for ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a contention, a defendant must demonstrate that "(1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient representation was prejudicial to the petitioner." Id. at 686. When evaluating whether counsel has satisfied the objective standard of reasonableness, courts must be highly deferential toward trial counsel's conduct. See id. Moreover, counsel cannot be deemed ineffective for failing to raise a meritless claim. See United States v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999). To satisfy the prejudice prong, a party must show that, but for counsel's errors, the outcome of the proceeding would have been different. See Strickland, 486 U.S. at 694.

Defendant's substantive complaints primarily center upon the indictment and the concomitant legal duties which that charging document allegedly triggered. Defendant complains that he was indicted for trafficking heroin, "crack" cocaine, and cocaine hydrochloride, yet the government was permitted to withdraw the

---

[2] The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI.

3

cocaine hydrochloride charge prior to final jury instructions. He argues that despite the government's concession, his counsel should have requested that the jury nevertheless receive instruction on the cocaine hydrochloride charge. Similarly, defendant objects to the government's withdrawal of an aiding and abetting count—a charge for which defendant was also indicted—asserting that the jury should have been instructed on this offense. Finally, defendant contends that the court inappropriately permitted the jury to determine the approximate quantities of narcotics for which defendant was liable, and that counsel's failure to object to this finding was ineffective. The court will address defendant's claims *seriatim*.

### A. Failure to Request a Special Jury Instruction Regarding the Controlled Substances Charged in the Indictment

Defendant claims his counsel was ineffective for failing to request a special jury instruction regarding each of the controlled substances charged in the indictment. (See Doc. 1242 at 2.) The indictment charged defendant with, *inter alia*, manufacturing, distributing, and possessing heroin, "crack" cocaine, and cocaine hydrochloride. (See Doc. 1.) After presentation of evidence at trial, however, the government withdrew cocaine hydrochloride count because it lacked sufficient evidence. The court, in turn, did not instruct the jury on charges pertaining to cocaine hydrochloride. Defendant argues that the omission of cocaine hydrochloride from the final jury instructions created an ambiguity for the jury in deciding whether he was involved in a conspiracy to distribute one, all, or a

4

combination of the controlled substances charged in the indictment. (See Doc. 1242 at 3.)

Defendant's argument mischaracterizes the purpose of an indictment. In United States v. Stansfield, the Third Circuit explained that "[a]n indictment is an accusation only, and its purpose is to identify the defendant's alleged offense, and fully inform the accused 'of the nature of the charges so as to enable him to prepare any defense he might have.'" 171 F.3d 806, 812 (3d Cir. 1999) (internal citations omitted). Additionally, courts in the Third Circuit have consistently held that indictments are not evidence, but merely that which the government alleges to have taken place. See United States v. McDade, 28 F.3d 283, 301 (3d Cir. 1994) ("[T]he indictment is not evidence."); see also United States v. Mussayek, 338 F.3d 245, 248 (3d Cir. 2003) (upholding the trial court's instruction that the indictment is not evidence); United States v. Dufresne, 58 F. App'x 890, 897 (3d Cir. 2003) (explaining that "[c]riminal charges . . . are not evidence").

In the instant matter, the jury was appropriately instructed on the nature, purpose, and scope of the indictment in the final instructions,[3] and there is no indication that the jury misunderstood or was confused by the explanation supplied by the court. Moreover, the verdict form clearly set forth questions appropriately characterizing the government's burden of proof with respect to the elements of each charge at issue and, to the extent necessary, the drug quantity for each charge.

---

[3] For example, the court explained, "I remind you that the indictment itself is not evidence. It merely describes the charges made against the defendant. It's an accusation. It may not be considered by you as any evidence of the guilt of the defendant." (See Doc. 955 at 722.)

5

(See Doc. 716.) Therefore, the contention that the jury was misled or confused by the omission of cocaine hydrochloride instructions is without merit; defendant's claim that his counsel was ineffective because he did not request a special instruction consequently fails. See Saunders, 165 F.3d at 253 (holding that counsel cannot be ineffective for failing to raise meritless issues).

### B. Failure to Request a Jury Instruction Regarding Cocaine Hydrochloride Relieved the Government of its Burden of Proof

In a related argument, defendant contends that his counsel failed to request a jury instruction regarding cocaine hydrochloride, which subsequently relieved the government of its burden to prove all the counts charged in the indictment. (See Doc. 1242 at 4.) According to defendant "the trial Court lessened the government's burden of proof by omitting the cocaine hydrochloride from its charging instruction." (See id. at 7.) This argument essentially repeats most of the points discussed supra, and is similarly based upon a misunderstanding of the nature of an indictment. As a matter of law, the indictment has nothing to do with the government's burden of proof at trial, see Stansfield, 171 F.3d at 812; Dufresne, 58 F. App'x at 897, and this point was explained to the jury by the court. What is more, the government withdrew the charges pertaining to cocaine hydrochloride, acknowledging it could not meet its burden of proof on this charge. Defendant therefore received the optimal outcome under these circumstances—the jury was precluded from adjudicating his guilt on the basis of cocaine hydrochloride. To hold otherwise would be a recipe for true ineffectiveness of counsel, to wit: requiring counsel to insist on an instruction on a controlled substance for which

6

there is no evidence and thereby risking an additional basis for conviction. Defendant's contention that the government was impermissibly relieved of its burden of proof is baseless, which also causes his ineffective assistance argument to fail. See Saunders, 165 F.3d at 253 (holding that counsel is not deemed ineffective for failing to raise meritless issues).

### C. Failure to Request a Jury Instruction Regarding 18 U.S.C. § 2

Defendant also argues that his counsel was ineffective for failing to request a jury instruction regarding aiding and abetting under 18 U.S.C. § 2, a charge for which defendant was indicted. The government withdrew this charge prior to the conclusion of trial, but defendant nonetheless contends that the jury should have been instructed upon it. (See Doc. 1242 at 10.) Again, this argument derives from defendant's confusion regarding the purpose of an indictment, which is only a charging document and is not to be considered as evidence. See McDade, 28 F.3d at 301 (explaining that indictments are not evidence); see also supra Part II.A. Additionally, the government is not required to pursue every count that is initially charged in the indictment; rather, charges for which evidence is lacking are appropriately withdrawn from the jury's consideration. See United States v. Castro, 776 F.2d 1118, 1122-23 (3d Cir. 1985) (finding no error when the prosecutor withdrew some charges for which defendant was indicted, and explaining that offenses charged in the indictment "unnecessary to and independent from allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored,'" particularly when the "variation [from the indictment] did

7

not broaden the bases for conviction, but instead narrowed the scope of the evidence to prove an offense included in the indictment."); see also United States v. Miller, 471 U.S. 130, 145 (1985) ("[W]here an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment."). In the instant matter, the government acted as it should in circumstances such as these, where evidence is lacking on a specific count—it dropped the charge and moved on. Defendant's argument is therefore unfounded.

### D. **Failure to Request a Jury Instruction Regarding Drug Quantity**

Defendant's final claim is that his counsel was ineffective because he failed to request a jury instruction regarding drug quantities, thereby relieving the government of its burden to prove every element of the offense charged. (See Doc. 1242 at 8.) Defendant argues that "during the trial Court's charge to the jury it omitted the drug amounts that were contain[ed] in the indictment, which lessened the government's burden of proof to find every essential element of the offense charged." (See id. at 8.) Defendant further contends this omission was in error because the jury convicted him for trafficking five grams or more of heroin, but the indictment charged him with manufacturing, distributing, or possessing 100 grams or more of a controlled substance. (See id. at 8.) The court has already explained that the information in the indictment is utilized solely for charging purposes and does not constitute evidence, see supra Parts II.A-B; this was a principle explained

8

to the jury, and it applies equally to defendant's drug-quantity objections. This explanation alone is sufficient to reject defendant's argument.

In addition, however, the charges filed against defendant under 21 U.S.C. § 841(a)(1) and § 846 do not require the government to prove beyond a reasonable doubt that defendant distributed a specific quantity of drugs. (See Doc. 1 at 2, 23-24); see also United States v. Stewart, 179 F. App'x 814, 819 (3d Cir. 2006) ("Those offenses [21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846] do not require proof of a particular drug quantity to sustain a conviction."); United States v. Gibbs, No. 81-0260, 1986 WL 6309, at *3 (E.D. Pa. 1986) ("Section 841(a)(1) is entitled the 'unlawful acts' section of 21 U.S.C. § 841 and proscribes certain conduct relating to controlled substances. That section is wholly separate from 21 U.S.C. § 841(b), entitled the 'penalties' provision, which enumerates, for sentencing purposes, specific considerations to be given to the type and quantity of the substance."). Rather, drug quantity is primarily relevant under the "Penalties" section in 21 U.S.C. § 841(b), under which the court determines the proper sentence to apply after a defendant is convicted under § 841(a)(1). See Gibbs, 1986 WL 6309, at *3. In other words, drug quantity is relevant for the court to consider at sentencing. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury . . . ."); U.S. v. Prince, No. 07-4408, 2009 WL 1395470, at *3 (3d Cir. May 20, 2009) ("For sentencing purposes, drug quantity is considered relevant conduct determinable by the sentencing court.").

In the instant matter, the verdict form asked, "Do you unanimously find beyond a reasonable doubt that a controlled substance that was distributed was ["crack" cocaine or heroin]?" (Doc. 716.) Only if the answer was "yes" was the jury queried whether they "unanimously find beyond a reasonable doubt that the amount of ["crack" cocaine or heroin] that was distributed was" within a given range of drug quantities. (Id.) Accordingly, the jury found a quantity for each narcotic offense only *after* it affirmatively answered the threshold question—whether the elements of the crime were proved beyond a reasonable doubt. Quantity is not an element of any crime for which defendant was charged, and had counsel requested an instruction on quantity, the request would have been rejected as without merit. See Saunders, 165 F.3d at 253 (holding that counsel is not deemed ineffective for failing to raise meritless issues). Defendant's argument to the contrary therefore fails.

## III. Conclusion

For the foregoing reasons, defendant's motion (Doc. 1238) to vacate will be denied. An appropriate order follows.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

Dated:       October 19, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:03-CR-0250** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **MICHAEL D. FORBES** | : | |

## **ORDER**

AND NOW, this 19th day of October, 2009, upon consideration of defendant's motion (Doc. 1238) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion (Doc. 1238) is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge