IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:03-CR-250 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **MICHAEL D. FORBES,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 6th day of May, 2015, upon consideration of the motion (Doc. 1292) to dismiss the indictment for lack of subject matter jurisdiction filed by *pro se* defendant Michael D. Forbes ("Forbes"), wherein Forbes asks the court to void the indictment in the above-captioned criminal proceeding *ab initio*, and ostensibly seeks *vacatur* of the conviction and sentence based thereon, (id.),[1] but it appearing that a motion asserting a defect in the indictment must be made prior to trial, see FED. R. CRIM. P. 12(b)(3)(B), and that a motion challenging the court's jurisdiction "may be made at any time while the case is pending," FED. R. CRIM. P. 12(b)(2), and the record clearly establishing that the court entered judgment against Forbes on October 29, 2004, (see Doc. 936), that the Court of Appeals for the Third Circuit affirmed Forbes' judgment of conviction on January 27, 2006, see United States v. Forbes, 164 F. App'x 251, 252-53 (3d Cir. 2006), but remanded the matter to the district court for resentencing pursuant to United States v. Booker, 543 U.S. 220

---

[1] Forbes is less than pellucid in his request for relief, and he cites no statutory or other authority for the instant motion. In deference to Forbes' *pro se* status, the court examines the motion pursuant to Federal Rules of Criminal Procedure 12 and 33 as well as 28 U.S.C. § 2255.

(2005) and United States v. Davis, 407 F.3d 162 (3d Cir. 2005), see Forbes, 164 F. App'x at 253, that the district court resentenced Forbes to a term of six hundred (600) months imprisonment in accordance with Booker and Davis, (see Doc. 1095), that the Third Circuit thereafter affirmed the court's judgment of conviction and sentence, see United States v. Forbes, 258 F. App'x 417, 417-19 (3d Cir. 2008), and that the Supreme Court of the United States denied Forbes' petition for writ of *certiorari* on March 17, 2008, see Forbes v. United States, 552 U.S. 1267 (2008), and the court concluding that the above-captioned criminal proceeding is no longer "pending" for purposes of challenging subject matter jurisdiction pursuant to Rule 12, see United States v. Craft, 471 F. App'x 89, 90 (3d Cir. 2012) United States v. Ramsey, 398 F. App'x 708, 709 (3d Cir. 2010); see also United States v. Miller, 197 F.3d 644, 647-49 (3d Cir. 1999) ("A motion for a new trial and a motion to dismiss an indictment cannot be lodged after the defendant has pled guilty and appealed that conviction."), and it further appearing that, should the court construe the instant motion as a petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, see, e.g., Miller, 197 F.3d at 647-49 (affirming district court construction of untimely motion to dismiss indictment as Section 2255 motion), the same is nonetheless barred as an unauthorized second or successive Section 2255 petition because Forbes did not raise the issue of jurisdiction in his initial petition, see id. at 649; see also 28 U.S.C. §§ 2244(b)(3)(A), 2255(h), and the court thus concluding that Forbes' motion (Doc. 1292) is untimely under Federal Rule of Criminal Procedure 12(b), and an unauthorized second or successive motion if construed pursuant to

28 U.S.C. § 2255,[2] it is hereby ORDERED that Forbes' motion (Doc. 1292) to dismiss for lack of subject matter jurisdiction is DENIED.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] Forbes' motion is not readily capable of construction as a motion for new trial under Federal Rule of Criminal Procedure 33 because he does not identify new evidence or challenge any error in the trial itself.  In the interest of caution, the court notes that any such motion is time barred by nearly a decade.  See FED. R. CRIM. P. 33(b) (providing that a motion based upon newly discovered evidence must be filed within three (3) years of guilty verdict, and all other motions must be filed within fourteen (14) days of guilty verdict).