IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:03-CR-250 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **MICHAEL D. FORBES** | : | |

**MEMORANDUM**

Defendant Michael D. Forbes ("Forbes") has filed a motion (Doc. 1294), through counsel, pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines ("Amendment 782").  The government opposes Forbes' motion.  (See Doc. 1297).

**I.      Factual Background and Procedural History**

On September 17, 2003, a grand jury sitting in Harrisburg, Pennsylvania, returned a twenty-two count indictment, charging Forbes and twenty others with trafficking and conspiring to traffic crack cocaine and heroin in the Middle District of Pennsylvania.  (Doc. 1).  The grand jury returned a superseding indictment (Doc. 129) on October 1, 2003, adding four counts and as many defendants.  On March 17, 2004, the grand jury issued a second superseding indictment (Doc. 505), naming only Forbes and one codefendant, Catherine E. Sheaffer ("Sheaffer").  In the weeks surrounding the final indictment's return, twenty-one defendants entered guilty

pleas to individual felony informations.[1]  Sheaffer pled guilty to a single-count felony information in June of 2004.  (Doc. 643).

The second superseding indictment charges Forbes with the following offenses: manufacture, distribution, and possession with intent to manufacture and distribute 100 grams or more of heroin and 50 grams or more of crack cocaine and cocaine hydrochloride, and aiding and abetting same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count I); interstate travel to facilitate drug trafficking in violation of 18 U.S.C. § 1952(a)(3) (Count III); use of a communication facility in connection with a drug trafficking offense in violation of 21 U.S.C. § 843(b) (Count IV); using, carrying, and discharging a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count VI); and conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 100 grams or more of heroin and 50 grams or more of crack cocaine and cocaine hydrochloride in violation of 21 U.S.C. § 846 (Count VII).  (Doc. 505).

On July 15, 2004, following a four-day trial, the jury returned a verdict of guilty on Counts I, IV, VI, and VII, and not guilty on Count III.  (Doc. 716).  The jury answered several special interrogatories, finding that (1) with respect to Count I,

---

[1] Those defendants are Celena Murdock (Doc. 445); Angela Lindley (Doc. 448); Marsha Hassinger (Doc. 465); Benjamin Lee Dippery (Doc. 480); Richard Swain Plummer (Doc. 486); Otis Grayson (Doc. 491); Desean Harmeen Pigatt (Doc. 496); Michael S. Knepp (Doc. 502); Bart Spiglemyer (Doc. 513); Issiah N. Grayson (Doc. 531); Ryan Hale (Doc. 539); Holly K. Hale (Doc. 541); Brett Johns (Doc. 544); Japhette Phill (Doc. 555); Carla L. Hartley (Doc. 565); Daniel Hoffner (Doc. 568); Anthony Adams Millan (Doc. 571); Carrie Hays (Doc. 590); Shabukalik Geralds (Doc. 594); Raymond Parker (Doc. 600); and Darrel W. Etchison (Doc. 603).  Remaining defendants Karen Spiglemyer and Brian Pipkin entered guilty pleas in July and December of 2004, respectively.  (See Docs. 697, 973).

Forbes was responsible for more than 500 grams but less than 1.5 kilograms of crack cocaine, and more than 5 grams but less than 10 grams of heroin; (2) with respect to Count VI, the subject firearm was both brandished *and* discharged during the course of Forbes' drug trafficking activities; and (3) Forbes was an organizer or leader of criminal activity that involved five or more participants. (Id.) The jury concluded that the criminal conspiracy involved crack cocaine but not heroin. (Id.)

The United States Probation Office conducted a presentence investigation and prepared a presentence report utilizing the 2003 edition of the United States Sentencing Guidelines. The report calculated an adjusted offense level of forty-two, which represented a base offense level of thirty-six, see U.S.S.G. § 2D1.1; a four-level increase for a leadership role in the offense, see U.S.S.G. § 3B1.1; and a two-level increase for obstruction of justice, see U.S.S.G. § 3C1.1. Forbes objected to the recommended enhancement for obstruction of justice.

At sentencing, the court adopted the base offense level and leadership enhancement recommended by the presentence report after finding that each was fully supported by the jury's special verdict responses. (Sentencing Tr. 15:10-16:4, Oct. 29, 2004). The court declined to resolve Forbes' objection to the obstruction of justice enhancement, concluding that its application did not impact the Guidelines range. (See id. 16:17-17:2). Based upon an uncontested criminal history category of VI and an offense level of either forty or forty-two, the court determined that Forbes' Guidelines imprisonment range was 360 months to life imprisonment. (Id.)

The court imposed an aggregate sentence of 600 months imprisonment, consisting of 480 months on Counts I and VII, and 48 months on Count IV, to run concurrently, and a statutorily-mandated consecutive term of 120 months imprisonment on Count VI.  (See Doc. 936).

Forbes appealed both his conviction and sentence to the Third Circuit Court of Appeals, arguing that the court erred (1) at trial by admitting prejudicial evidence in contravention of Federal Rule of Evidence 403 and (2) at sentencing by treating the Guidelines as mandatory and failing to consider the factors delineated under 18 U.S.C. § 3553(a).  The Third Circuit affirmed Forbes' conviction but remanded for resentencing in light of the United States Supreme Court's intervening decision in United States v. Booker, 543 U.S. 220 (2005), wherein the Court announced that the Guidelines are advisory only.  See United States v. Forbes, 164 F. App'x 251 (3d Cir. 2006).

The court convened a Booker resentencing on April 19, 2006.  During that proceeding, the court addressed the salient § 3553(a) factors and resentenced Forbes to a term of imprisonment identical to the original judgment of sentence.  (See Doc. 1095).  The court highlighted in particular: Forbes' leadership role in the instant offense, including his brutal and oft-ruthless control tactics; his total lack of responsibility or remorse; his violent criminal record; and his "utter disdain for the law of a civilized society."  (Sentencing Tr. 17:13-19:7, Apr. 19, 2006).  Forbes again appealed.  (Doc. 1096).  On December 19, 2007, the Third Circuit affirmed Forbes' post-Booker sentence.  See United States v. Forbes, 258 F. App'x 417 (3d Cir. 2007).

On April 30, 2014, the United States Sentencing Commission voted unanimously to enact Amendment 782 to the Guidelines to reduce the drug quantity offense levels for most federal drug trafficking offenses. See U.S.S.G. app. C, amend. 782. The Commission voted in July of 2014 to give retroactive effect to Amendment 782. See U.S.S.G. app. C, amend. 788. On October 6, 2014, the court issued a standing order prospectively appointing the Office of the Federal Public Defender for the Middle District of Pennsylvania to represent all defendants who may be eligible for a reduction under Amendment 782. See Standing Order 14-6. Forbes, through appointed counsel, filed the instant motion (Doc. 1294) to reduce sentence pursuant to 18 U.S.C. § 3582 and Amendment 782 on February 3, 2016. The motion is fully briefed (Docs. 1295, 1297, 1298) and ripe for disposition.

**II.   Standard of Review**

Section 3582 of Title 18 of the United States Code authorizes a district court to reduce a sentence that was based on a Guidelines range that has subsequently been lowered. See 18 U.S.C. § 3582(c)(2). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. Section 1B1.10 of the Guidelines sets forth the Commission's policy statement for implementation of § 3582(c). See U.S.S.G. § 1B1.10. The court's inquiry under § 3582(c) and § 1B1.10 is twofold: first, the court determines whether the defendant

5

is eligible for a reduction under the Guidelines; second, the court considers, with reference to any applicable factors under 18 U.S.C. § 3553(a) and the Guidelines, whether a reduction "is warranted in whole or in part under the particular circumstances of the case." Dillon v. United States, 560 U.S. 817, 827 (2010). The decision whether to reduce a sentence under § 3582(c) pursuant to a retroactive Guidelines amendment rests within the sound discretion of the sentencing court. See United States v. Styer, 573 F.3d 151, 155 (3d Cir. 2009).

## III.   Discussion

Amendment 782 to the Sentencing Guidelines reduces by two the offense levels assigned to drug weight quantities under § 2D1.1 of the Guidelines. See U.S.S.G. app. C, amend. 782. The offense level reduction is made retroactive by Amendment 788. See U.S.S.G. app. C, amend. 788. Hence, if a defendant's initial Guidelines imprisonment range was calculated pursuant to § 2D1.1, the defendant is eligible for a sentencing reduction under Amendment 782. See U.S.S.G. § 1B1.10. The government does not dispute Forbes' eligibility for a reduction under the first prong of the § 3582(c) paradigm. (See generally Doc. 1297). The court finds that, under the plain terms of Amendment 782 and the Guidelines, Forbes is eligible for a sentencing reduction.

This does not end the court's inquiry, however, because 18 U.S.C. § 3582(c) and Guidelines § 1B1.10 also direct the court to consider relevant factors set forth in 18 U.S.C. § 3553(a) in determining whether a reduction is warranted. See 18 U.S.C. 3582(c)(2); see also Dillon, 560 U.S. at 827; U.S.S.G. § 1B1.10 cmt. 1(B)(i). Section 1B1.10 further instructs the court to consider public safety considerations and post-

sentencing conduct in the Amendment 782 assessment. See U.S.S.G. § 1B1.10 cmt. 1(B)(ii)-(iii). It is the government's position that Forbes poses such an unmitigated and persistent threat to the public safety that the court must deny his motion for a sentence reduction. (See Doc. 1297 at 7-8). Resolution of the parties' dispute on this point requires a brief exposition of the offense conduct and criminal history underlying Forbes' instant sentence.

### A. The Offense Conduct and Forbes' Criminal History

Evidence adduced at trial established that Forbes was the callous and merciless ringleader of a drug trafficking organization comprising more than two dozen criminal associates. In addition to spearheading this vast crack cocaine conspiracy, Forbes individually trafficked both crack cocaine and heroin. The testimony of coconspirators demonstrated that Forbes ruled with an iron fist, often invoking fear, violence, and intimidation to ensure compliance with his directives. Among his more heinous acts, Forbes (1) used a foam baseball bat with a hard core to break the nose of a twenty-one year old woman because she owed him drug money; (2) held a knife to the throat of another female drug dealer after drug proceeds were stolen; (3) together with an unknown associate, shot and stabbed a rival drug dealer to establish his supremacy over the drug trade in Lewistown, Pennsylvania; and (4) forced a drug-addicted co-conspirator to eat cat feces while beating his hands with a metal spatula. Forbes was also involved in a car chase and shootout that moved through the Lewistown community, during which several vehicles were shot.

What is more, Forbes committed these offense and concomitant acts of violence within weeks after his release on parole from a first-degree manslaughter sentence.  In that case, Forbes' pled guilty to shooting and killing an individual with an AK-47 assault rifle in Staten Island, New York.  Forbes traveled to Lewistown upon parole and immediately commenced his violent drug trafficking activities.  His criminal record includes additional convictions for attempted criminal possession of stolen property and discharging a firearm in a public place, background which netted Forbes a criminal history category of VI at sentencing.

Forbes has not relented from his criminal proclivities while incarcerated. Fortunately, the fact and nature of his incarceration in the federal government's most secure penitentiaries greatly inhibits the extent and success of his endeavors.[2] The defendant's post-sentencing record reflects that Forbes has been disciplined no less than three dozen times in the past decade for violation of prison rules.  Among the most noteworthy sanctions: in January and December of 2006, fighting with inmates, and in August of 2008 and January of 2011, possession of a dangerous weapon.  Other sanctions were imposed for possessing intoxicants, tobacco, and other contraband; insolence and insubordination; refusing to work; stealing food service items; and possessing gambling paraphernalia and conducting a gambling pool.  Forbes' extensive record of misconduct in prison reaffirms the court's

---

[2] Forbes was initially designated to United States Penitentiary Lee, in Pennington Gap, Virginia.  Since that time, Forbes has been housed at the United States Penitentiaries at Pollock, Beaumont, Big Sandy, Hazelton, Victorville, Florence, Coleman, and, most recently, United State Penitentiary McCreary.

conclusion in April of 2006 that the movant is simply unable to abide by the laws of a civilized society.

  **B.**  **Section 3553(a) Factors, Public Safety, and Post-Sentencing Conduct**

Section 3553(a) tasks a sentencing court to consider, *inter alia*, the nature of the offense and the history of the defendant as well as the need for the sentence imposed to reflect the seriousness of the particular offense and to protect the public from the defendant.  <u>See</u> 18 U.S.C. § 3553(a)(1), (2)(A), (2)(C).  As noted *supra*, the Guidelines supplement the § 3553(a) factors and task the court to consider both (1) relevant post-sentencing conduct and (2) whether the defendant poses a continued threat to society in determining whether a sentencing reduction is warranted.  <u>See</u> U.S.S.G. § 1B1.10 cmt. 1(B).  The combination of these considerations counsels against a sentence reduction *sub judice*.

Forbes has repeatedly exhibited a dearth of conscience and a blatant disregard for human life, both with respect to the offense conduct underlying his current sentence and past offenses.  He expressed no remorse at the sentencing proceedings in this matter, and his misconduct while imprisoned demonstrates neither repentance nor rehabilitation.  Rather, his conduct bespeaks an unrelenting commitment to his chosen criminal path.  In short, the inextinguishable threat presented by this defendant can be restrained only by continued incarceration.  For the sake and the safety of the public, the initial sentence imposed by this court must remain intact.

**IV.     Conclusion**

For the foregoing reasons, the court will deny Forbes' motion (Doc. 1294) to reduce sentence.   An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      March 28, 2016