# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:03-CR-250** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **MICHAEL D. FORBES,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 4th day of October, 2019, upon consideration of the motion (Doc. 1309) for resentencing hearing under Section 404 of the First Step Act filed by defendant Michael D. Forbes ("Forbes"), wherein Forbes contends that he is eligible for a sentencing reduction pursuant to Section 404 of the First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, and the court observing that Section 404 of the First Step Act authorizes a district court to impose a reduced sentence for covered crack cocaine offenses where the statutory penalty provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, §§ 2-3, would have applied had that Act been in effect when the covered offense was committed, see First Step Act § 404(b), 132 Stat. at 5222, and that the First Step Act defines a "covered offense" as "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010," id. § 404(a), and further observing that section 2 of the Fair Sentencing Act increased the quantity of crack cocaine required to trigger mandatory minimum penalties under 21 U.S.C. § 841(b)(1)(A)(iii) from 50 to 280 grams and under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 to 28 grams, see Fair

Sentencing Act § 2(a), and it appearing that the parties are in agreement, and the court concurs, that Forbes is serving a sentence for a "covered offense" as contemplated by the First Step Act, (Doc. 1310 at 8-12; Doc. 1314 at 7-8; see Doc. 1095), in that Forbes was sentenced for distribution and possession with intent to distribute 50 grams and more of crack cocaine, and for conspiracy to distribute and possess with intent to distribute same, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), (see Docs. 505, 1095),[1] which drug weight, prior to the Fair Sentencing Act, carried a mandatory minimum term of 10 years' imprisonment and a statutory maximum term of life, (see Doc. 1103 at 13:1-3), and now carries a mandatory minimum term of 5 years' imprisonment and a statutory maximum term of 40 years' imprisonment, 21 U.S.C. § 841(b)(1)(B)(iii), but it appearing that the parties disagree as to whether the First Step Act entitles eligible defendants to plenary resentencing hearings, and the court concluding that neither the First Step Act nor 18 U.S.C. § 3582(c)(1)(B)

---

[1] The docket in this case somewhat obscures Forbes' "offenses" for First Step Act purposes. The second superseding indictment charges Forbes in Count 1 with distributing and possessing with intent to distribute 50 grams or more of crack cocaine, and in Count 7 with conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine. (Doc. 505). The jury was not instructed on drug weight, but in special interrogatories on the verdict form, the jury found unanimously and beyond a reasonable doubt that the amount of crack cocaine that was distributed for Counts 1 and 7 was "500 grams or more." (See Doc. 716 at 2, 5). Both the pre- and post-Booker judgments, however, contain a clerical error, stating a drug weight of "5 grams or more of crack cocaine" for Count 1 while retaining the jury finding of "500 grams or more of crack cocaine" for Count 7. (See Docs. 936, 1095 (emphasis added)). It is our view that the 50-gram drug weights charged in the second superseding indictment, not the 500-gram drug weights later found by the jury, define Forbes' "offenses" for purposes of the First Step Act. Because the offenses charged—distribution of and possession with intent to distribute 50 grams or more of crack cocaine, and conspiracy to commit same—had their statutory penalty reduced by the First Step Act, Forbes is eligible for relief.

contemplate a plenary resentencing for eligible defendants,[2] but that it is both necessary and appropriate to hear from the parties before the court decides whether to impose a reduced sentence,[3] it is hereby ORDERED that:

1. Forbes' motion (Doc. 1309) for resentencing hearing under Section 404 of the First Step Act is DENIED to the extent it requests a plenary resentencing hearing but is CONSTRUED as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(B) to the extent it requests a sentence reduction pursuant to Section 404 of the First Step Act.

---

[2] Nothing in the First Step Act establishes an independent resentencing mechanism for defendants eligible for relief. Rather, 18 U.S.C. § 3582(c)(1)(B) provides that mechanism, authorizing the court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The robust consensus among district courts to address the question is that a defendant is *not* entitled to a plenary resentencing hearing under Section 3582(c)(1)(B). See United States v. Surine, No. 4:07-CR-304, Doc. 411 at 3 nn. 9-10 (M.D. Pa. July 10, 2019) (Brann, J.) (collecting cases); United States v. Crews, 385 F. Supp. 3d 439, 444-45 (W.D. Pa. 2019) (same). But see United States v. Reaves, No. 1:07-CR-104, Doc. 483 (M.D. Pa. June 14, 2019) (Brann, J.) (plenary resentencing warranted when defendant's original sentencing was an "merely an academic exercise" due to mandatory minimum term of life); United States v. Rhines, No. 4:01-CR-310, Doc. 355 (M.D. Pa. May 31, 2019) (Jones, J.) (same). The majority's rationale is primarily grounded in Federal Rule of Criminal Procedure 43(b)(4), which states: "A defendant need not be present . . . [when a] proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." FED. R. CRIM. P. 43(b)(4). We agree and conclude that a defendant eligible for relief under the First Step Act is not entitled to a plenary resentencing hearing.

[3] Forbes contends that any recalculation of his statutory sentencing exposure must be informed by the Supreme Court's decision in Alleyne v. United States, 570 U.S. 99 (2013), and the Third Circuit's decision in United States v. Rowe, 919 F.3d 752 (3d Cir. 2019). Forbes avers that these decisions have the effect of reducing his mandatory minimum sentencing exposure to zero and his statutory maximum term to 20 years—an argument that, if successful, would make unlawful the current 480-month terms of imprisonment on Counts 1 and 7. (See Doc. 1310 at 7-8, 10; Doc. 1317 at 4-5). The government "assume[s] the defendant's position is incorrect" in its opposition brief but does not explicitly oppose Forbes' assertion that the applicable statutory maximum sentence on Counts 1 and 7 is now 20 years. (See Doc. 1314 at 7-9). The government shall more clearly state and support its position on this issue in the sentencing memorandum directed to be filed *infra*.

2. The United States Probation Office shall file an addendum to the presentence report setting forth the revised statutory minimum and maximum terms of imprisonment and supervised release, if any, together with a revised advisory Guidelines range, if any, on or before **Friday, October 18, 2019**.

3. The parties shall file memoranda addressing the salient 18 U.S.C. § 3553(a) factors as well as any post-sentencing rehabilitative efforts on or before **Friday, November 15, 2019**. The parties may file documentation supporting their respective positions together with their sentencing memoranda. The parties' memoranda shall also address the court's concerns, expressed *supra* at note 3, with respect to Forbes' statutory sentencing exposure as a result of the First Step Act.

 /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania